AVENUE AGENCY & LOAN CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19727. Promulgated October 23, 1929.

*Preston B. Kavanagh, Esq.*, and *E. Barrett Prettyman, Esq.*, for the petitioner.

*Eugene Meacham, Esq.*, for the respondent.

1040

OPINION.

GREEN: The petitioner contends that it is affiliated with the Avenue State Bank. The requirements for affiliation are set forth in section 240(c) of the Revenue Act of 1921, which reads as follows:

For the purpose of this section, two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns directly or controls through closely affiliated interests or by a nominee or nom.nees, all of the stock of the other or others, or (2) if substantially all the stock of two or more corporations is owned or controlled by the same interests.

Only a very terse statement of the facts is necessary. The bank, being desirous of enlarging its real estate loan business, determined to acquire the good will of a then existing loan company. Fearing the criticism of the bank examiners if such a procedure were followed, the stockholders of the bank approved of the organization, for that purpose, of a separate corporation, stock of which was to be owned by the directors of the bank. The directors were to subscribe for all of the stock and actually purchase at par one-half thereof. The initial payment on the purchase price was to be made from the amounts thus paid in, and the balance of the payment was to be made from the profits of the operation of the loan business. The loan corporation was to give the bank an option to purchase its assets at an amount

equivalent to the par value of the stock. The stockholders of the loan company were to receive 7 per cent interest on their investment and the balance, after the payment of the purchase price, was to be turned over to the bank. The arrangements were carried out and the loan company engaged in a very profitable business. All of the loan company's transactions with the bank were so handled that the profits therefrom came to the loan company. All profits, after the payment of the purchase price and the annual interest to the stockholders, were turned over to the bank. The officers of the bank continued to be the officers of the loan company.

The essential facts in this case closely parallel those of the *Farmers & Merchants Bank*, 10 B. T. A. 447, in which this Board affirmed the action of the Commissioner in holding two corporations affiliated. The rule there announced is controlling and we, accordingly, hold that the petitioner and the Avenue State Bank were affiliated during the year 1921. See, also, *American Steel Co.*, 7 B. T. A. 641. Our conclusion as to affiliation makes it unnecessary for us to pass upon the second assignment of error.

*Judgment will be entered under Rule 50.*